**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Dianne Dearmon | ) |
| | ) |
|        Plaintiff, | ) |
| | )   Case No.:20 CV 2543 |
| v. | ) |
| | ) |
| Lilly Dermatology | ) |
| and Lilly Aesthetics, S.C., | ) |
| | ) |
| | ) |
| Mercy Odueyungbo and | ) Plaintiff Demands Trial By Jury |
| Tony Jackson are named as a Defendant | ) |
| Based upon FLSA, IMWL and IWPCA | ) |
| | ) |
|        Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff Dianne Dearmon ("Plaintiff" or "Dearmon"), by and through her attorney, and for her Complaint against Defendants Lilly Dermatology, Lilly Aesthetics, (collectively referred to herein as "Corporate Defendants") Tony Jackson and Mercy Odueyungbo (Collectively "Individual Defendants"), states as follows:

## NATURE OF CLAIMS

1. Plaintiff brings this individual action to challenge Defendants' violations of the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"). This case is filed to recover unpaid wages for minimum wage and overtime work performed for which Plaintiff was not compensated.

2. Due to Defendants' wage violations, Plaintiff was deprived of overtime wages in violation of the FLSA and the Illinois Minimum Wage Law ("IMWL"), as well as minimum wages in violation the FLSA and the IMWL.

3. Plaintiff also brings claims of employment misclassification, in that after Plaintiff began to ask for her wages, Defendants suddenly claimed the Plaintiff was an "Independent Contractor", thus Plaintiff brings misclassification claims pursuant to the FLSA, IMWL, and IWPCA.

## THE PARTIES

4. Plaintiff Dianne Dearmon resides and is domiciled in this judicial district.

5. Defendant Lilly Aesthetics is an Illinois Company is located at 2500 S Highland Ave STE 220, Lombard, IL 60148. Lilly Aesthetics Articles of Organization were filed with the Illinois Secretary of State.

6. Defendant Lilly Dermatology, while having Michigan locations, also uses and does business in Illinois at 2500 S Highland Ave STE 220, Lombard, IL 60148. Lilly Aesthetics website lists the Highland address as its "Chicago Location".

7. Defendant Mercy Odueyungbo is the owner and operator of both corporate Defendants and supervised directly the work of the Plaintiff.

8. At all times relevant hereto, Defendant Mercy Odueyungbo was involved in the day-to-day business operations of both corporate Defendants, having the authority to hire and fire employees, directed and supervised the work of employees (including Plaintiff), has/had authority to sign business checks, made business decisions regarding Plaintiff's compensation, and has/had a responsibility to act in the interest of the corporate Defendants in devising, directing, implementing, and supervising the wage and hour practices and policies relating to Plaintiff.

9. Tony Jackson is the spouse of Defendant Odueyungbo and worked as a manger and operator of both corporate Defendants and supervised directly the work of the Plaintiff.

10. At all times relevant hereto, Defendant Tony Jackson was involved in the day-to-day business operations of both corporate Defendants, having the authority to hire and fire employees, directed and supervised the work of employees (including Plaintiff), has/had authority to sign business checks, made business decisions regarding Plaintiff's compensation, and has/had a responsibility to act in the interest of the corporate Defendants in devising, directing, implementing, and supervising the wage and hour practices and policies relating to Plaintiff.

11. At all material times hereto, Defendants were "employers" of Plaintiff as defined in the FLSA, 29 U.S.C. § 203(d), the IMWL, and the IWPCA, 820 ILCS § 115/2.

12. At all material times hereto, Plaintiff was employed by Defendants as "employees" within the meaning of § 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1) and within the meaning of the IMWL and the IWPCA, 820 ILCS § 115/1 *et seq.*

## JURISDICTION AND VENUE

13. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's IMWL, IWPCA, and unjust enrichment claims pursuant to 28 U.S.C. § 1367.

14. At all times relevant to this action, Defendants were engaged in commerce and/or the production of goods for commerce and/or Defendants were engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

15. Venue is proper pursuant to 28 U.S.C. § 1391(b) in that the Defendants are located in this Judicial District and a significant part of the conduct that gives rise to this claim occurred within the Northern District of Illinois.

## FACTUAL BACKGROUND

16. On or around 7/19/18 Plaintiff began doing work for Lilly Dermatology via the directions and suggestions of Tony Jackson and Mercy Odueyungbo.

17. From July 19, 2018 until July of 2019 Defendants failed to pay the Plaintiff any compensation.

18. During this twelve-month period Plaintiff performed hundreds of hours of work for Defendants, and received zero compensation, therefore Plaintiff pleads an FLSA minimum wage violation for each and every week from July 2018 to July 2019.

19. The work performed included the following:

    a. Creating website content,

    b. attending a mandatory spa conference,

    c. attending and working a Michigan networking event,

    d. working with a realtor to obtain a lease space for LA,

    e. interviewing and scheduling candidates for interviews for individual Defendants

    f. managing the contractors to get the Highland Ave. retail space ready for opening,

    g. creating spa menus,

    h. coordinating parties at the clinic

    i. and managing day-to-day business at the Highland Ave. spa location.

    j. wrote and created an educational syllabus to help Defendant Odueyungbo receive approval by the Illinois Department of Professional Regulation as a CEU Sponsor.

    k. managed and built Defendants' social media presence giving exposure for sales and other personal ventures.

    l. performed esthetician work on clients.

20. On July 1, 2019 Plaintiff informed Defendants that she could not continue to financially survive being paid zero dollars.

21. Plaintiff asked for $5000 compensation per month.

22. In July of 2019 Defendants told Plaintiff they couldn't do more than $3000 per month.

23. Plaintiff began receiving $1500 every two weeks ($3000 per month) until January 2020.

24. While finally paying Plaintiff some compensation, Defendants paid Plaintiff as a contractor rather than as an employee. Defendants did not deduct taxes from her wages, hold unemployment insurance, nor workers compensation coverage for Plaintiff.

25. As a result of the misclassification Plaintiff incurred added tax costs and was damaged in other ways.

## EXPENSE REPAYMENT CLAIMS

26. Plaintiff also incurred expenses for Defendants and Plaintiff was not paid back for these expenses in violation of the FLSA, IMWL and IWPCA.

27. Plaintiff incurred approximately $3,000 in expenses for office and clinic supplies that she provided for the location for over a year.

28. Additionally, Defendants did not compensate Plaintiff for travel and lodging for a seminar and events, this amounts to approximately an additional $1,500.

29. Lastly, Defendants did not compensate Plaintiff for mileage of over 1000 miles incurred for driving travel to Michigan's upper peninsula and various travel for the clinic. This travel/mileage expense amounts to approximately another $600.

30. Defendants also had Plaintiff pay for a portion of classes she attended to bring back and teach Defendants' staff. This amount was approximately another $1,000.

31. In total Defendants have not compensated Plaintiff for over $6,000 in expenses.

## MISCLASSIFICATION FACTS

32. At some point Defendants attempted to have Plaintiff sign an independent contractor contract and pay Plaintiff as an independent contractor.

33. Plaintiff refused to sign the contract.

34. While Defendants likely will continue to claim Plaintiff was a contractor, documentation demonstrates that Plaintiff was an employee and Defendants were Plaintiff's employers.

35. Defendants controlled all aspects of her work and how she managed the location.

36. Plaintiff had no investment in the company.

37. Defendants called Plaintiff a manager on many occasions in text and email.

38. Plaintiff pleads this misclassification claim under the FLSA, IMWL and IWPCA.

39. However, Plaintiff was clearly an employee under the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Com. Stat. 115/2.

40. The IWPCA creates a presumption that the Plaintiff is an employee, and to rebut that presumption Defendant bears the burden of establishing each of three specific criteria set forth in the IWPCA to rebut that presumption.

41. Specifically, Defendants must establish that 1) Plaintiff was free from Defendant's control; 2) the Plaintiff perform work outside of Defendants' usual course of business or outside all the places of the business of Defendants; and 3) Plaintiff was engaged in an independently established business. 820 Ill. Comp. Stat. 115/2.

42. The IWPCA defines an "employee" broadly to include "any individual permitted to work by an employer in an occupation," and excludes only an individual:

(1) who has been and will continue to be free from control and direction over the performance of his/her work.

(2) who performs work which is either outside the usual course of business or is performed outside of all of the places of business of the employer unless the employer is in the business of contracting with third parties for the placement of employees; and

(3) who is in an independently established trade, occupation, profession, or business

43. In this case, none of these three apply to demonstrate the Plaintiff was an Independent Contractor.

44. Plaintiff pleads the following in support of this claim:

(1) who has been and will continue to be free from control and direction over the performance of his work, both under his contract of service with his employer

  a. Here Plaintiff was not free of control of Defendants.

(2) who performs work which is either outside the usual course of business or is performed outside of all of the places of business of the employer unless the employer is in the business of contracting with third parties for the placement of employees

  a. the usual course of business was medical treatment of patients, and Plaintiff did that exact work for nearly all the work done for Defendants

(3) who is in an independently established trade, occupation, profession, or business

  a. Plaintiff did not have "an independently established trade, occupation, profession, or business"

## COUNT I
### Fair Labor Standards Act – Overtime Wages
### (Individual Action under 29 U.S.C. § 216(b))

45. Plaintiff realleges and incorporates by reference all paragraphs contained within this Complaint, as if fully set forth herein.

46. At all relevant times, Defendants have been, and continue to be, "employers"

7

engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

47. At all relevant times, Defendants have employed, and continues to employ, "employee[s]," including the Plaintiff, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

48. During the 3 years immediately preceding the filing of this Complaint, Defendants failed to pay minimum wages and overtime wages to Plaintiff for all time worked in excess of forty (40) hours in individual work weeks in violation of the FLSA, 29 U.S.C. § 201.

49. At all relevant times, Defendants engaged in a willful policy, pattern, or practice of requiring or permitting Plaintiff to be employed by Defendants, and failed to pay the necessary compensation to Plaintiff.

50. Plaintiff makes a claim for all "Compensable Time" including all work suffered or permitted by employer, including all work allowed to occur or Defendants failed to prevent.

51. Plaintiff's unpaid work performed was known to employer and/or which the employer, through reasonable diligence, could have discovered and prevented, even if not authorized.

52. At all relevant times, the work performed by Plaintiff as for service to Defendants and were required or permitted by Defendants, for the benefit of Defendants, directly related to such employee's principal employment with Defendants, and as an integral and indispensable part of such employees' employment of Defendants.

53. As a result of the Defendants' willful failure to record or compensate Plaintiff, employed by Defendants' for all hours worked, Defendants have violated, and continue to violate, the records hours provision of the FLSA.

54. As a result of the Defendants' willful failure to record, report, credit, and/or compensate its employees employed at Defendants, including Plaintiff, Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and §§ 215(a).

55. The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 et seq Plaintiff seeks damages in the amount of his respective unpaid overtime compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper

56. Plaintiff seeks recovery of attorneys' fees and costs of action to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

57. Plaintiff was also misclassified as plead elsewhere in this complaint, incorporated herein in this count.

58. Plaintiff incurred business expenses which Defendants failed to repay.

WHEREFORE, Plaintiff prays for a judgement against Defendants as follows:

    a. Payment of unpaid overtime wages and liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

    b. An injunction requiring Defendants to pay all statutorily required wages pursuant to Illinois law;

    c. Attorneys' fees and costs of this litigation; and

    d. Such other relief as this Court shall deem just and proper.

## COUNT II
### Fair Labor Standards Act – Minimum Wages

**Individual Action under 29 U.S.C. § 216(b)**

59. Plaintiff realleges and incorporates by reference all paragraphs contained within this Complaint, as if fully set forth herein.

60. Plaintiff was a non-exempt employee entitled to the statutorily mandated minimum hourly wage.

61. Defendants failed to pay the federal minimum wage of $7.25 for the 3 years immediately preceding the filing of this Complaint.

62. Defendants' failure to pay minimum wage to Plaintiff was willful. Defendants knew Plaintiff was not earning an average hourly wage at least equal to the required minimum wage and had no reason to believe their failure to pay minimum wage was not a violation of the FLSA.

63. Plaintiff is entitled to statutory remedies provided pursuant to 29 U.S.C. § 216(b), including but not limited to liquidated damages and attorneys' fees.

64. Plaintiff was also misclassified as plead elsewhere in this complaint, incorporated herein in this count.

65. Plaintiff incurred business expenses which Defendants failed to repay.

WHEREFORE, Plaintiff prays for a judgement against Defendants as follows:

    a. Payment of unpaid minimum wages and liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

    b. An injunction requiring Defendants to pay all statutorily required wages pursuant to Illinois law;

    c. Attorneys' fees and costs of this litigation; and

d.  Such other relief as this Court shall deem just and proper.

## COUNT III
### Illinois Minimum Wage Law – Overtime Wages

66. Plaintiff realleges and incorporates by reference all paragraphs contained within this Complaint, as if fully set forth herein.

67. Defendants failed to compensate Plaintiff at the overtime rate for all hours worked in excess of forty (40) per work week in violation of IMWL, 820 Ill. Comp. Stat. 105/1 *et seq.*

68. Defendants willfully failed to pay overtime wages due to Plaintiff.

69. Plaintiff seeks all overtime and other wages due, liquidated damages, statutory damages, prejudgment interest and any other damages due.

70. Plaintiff was also misclassified as plead elsewhere in this complaint, incorporated herein in this count.

71. Plaintiff incurred business expenses which Defendants failed to repay.

WHEREFORE, Plaintiff prays for a judgement against Defendants as follows:

a.  Payment of unpaid overtime wages and a penalty in the amount of 2% or 5% of the amount of the unpaid overtime for each month the wages remain unpaid;

b.  An injunction requiring Defendants to pay all statutorily required wages pursuant to Illinois law;

c.  Attorneys' fees and costs of this litigation; and

d.  Such other relief as this Court shall deem just and proper.

## COUNT IV
### Illinois Minimum Wage Law – Minimum Wages

72. Plaintiff realleges and incorporates by reference all paragraphs contained within this Complaint, as if fully set forth herein.

73. Defendants were aware of their obligation to pay state minimum wages pursuant to the IMWL, 820 Ill. Comp. Stat. 105/1 *et seq.*

74. Defendants failed to pay the Illinois minimum wage of $8.25 for the 3 years immediately preceding the filing of this Complaint.

75. Defendants failed to compensate Plaintiff minimum wage as required by IMWL, 820 Ill. Comp. Stat. 105/1 *et seq.*

76. Defendants willfully failed to pay minimum wage due to Plaintiff.

77. Plaintiff was also misclassified as plead elsewhere in this complaint, incorporated herein in this count.

78. Plaintiff incurred business expenses which Defendants failed to repay.

WHEREFORE, Plaintiff prays for a judgement against Defendants as follows:

    a. Payment of unpaid minimum wages and a penalty in the amount of 5% or 2% of the amount of the unpaid overtime for each month the wages remain unpaid;

    b. An injunction requiring Defendants to pay all statutorily required wages pursuant to Illinois law;

    c. Attorneys' fees and costs of this litigation; and

    d. Such other relief as this Court shall deem just and proper.

## COUNT V
## Illinois Wage Payment and Collection Act (IWPCA)

79. Plaintiff realleges and incorporates by reference all paragraphs contained within this Complaint, as if fully set forth herein.

80. Plaintiff worked for and was employed by Defendants from at July 2018 to January 2020.

81. Plaintiff incurred business expenses which Defendants failed to repay.

82. Plaintiff was also misclassified as plead elsewhere in this complaint, incorporated herein in this count.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff individually requests the following:

1. That the Court find the Defendants' violations of the FLSA and IMWL were willful;

2. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, IMWL and IWPCA.

3. Restitution for all minimum wages, overtime payments, and compensation that are due to Plaintiff;

4. Restitution for all other benefits due to Plaintiff to which she was entitled as an employee;

5. Attorney's fees and costs; and

6. Any other relief to which the Plaintiff may be entitled.

## DEMAND FOR JURY TRIAL

Dated: April 24, 2020　　　　　　　　　　　　　Respecfully submitted,

　　　　　　　　　　　　　　　　　　　　　　for Dianne Dearmon

　　　　　　　　　　　　　　　　　　　　　　By:　/s/ John C. Ireland
　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff's attorney

John C. Ireland
The Law Office of John C. Ireland
636 Spruce Street

13

South Elgin ILL    60177
T: 630-464-9675
F: 630-206-0889
Attorneyireland@gmail.com
Attorney Number 6283137

NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 33/50% or such amounts as a court awards.  All rights relating to attorney fees have been assigned to counsel.

Dated:  April 24, 2020                                      Respectfully Submitted,

                                                            By: /s/ John c. Ireland
                                                            Attorney for the Plaintiff

John C. Ireland
Attorney for the Plaintiff
The Law Office Of John C. Ireland
636 Spruce St.
South Elgin IL
60177
630-464-9675    Facsimile 630-206-0889
attorneyireland@gmail.com